IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EDUARDO ESPARZA, JOSE ESPARZA, MARCO ESPARZA, SERGIO PAZ AND MARIO ESPARZA** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> **CONSTRUCTION & DESIGN GROUP, INC., AN ILLINOIS CORPORATION, ROBERT FILEC, JR., INDIVIDUALLY AND LUIS PUENTE, INDIVIDUALLY** <br><br> Defendants. | **Nº.** 20-cv- <br><br> **District Judge** <br><br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COME Plaintiffs, **EDUARDO ESPARZA, JOSE ESPARZA, MARCO ESPARZA, SERGIO PAZ AND MARIO ESPARZA** ("Plaintiffs" or "named Plaintiffs"), by and through their attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for their Complaint against Defendants, **CONSTRUCTION & DESIGN GROUP, INC., ROBERT FILEC, JR. AND LUIS PUENTE** (the "Defendants"), states as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **CONSTRUCTION & DESIGN GROUP, INC.** (hereinafter referred to individually as "CDG") is an Illinois corporation that owns and operates a construction and remodeling business that performs all phases of remodeling (demolition, construction, installation, maintenance, etc.) for businesses. CDG primarily performs construction services in Illinois but also regularly performs construction services in Wisconsin and Indiana. CDGs primarily facility is located at 9825 Roosevelt Road in Westchester, Illinois. Defendant CDG is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant **ROBERT FILEC, JR** is the owner of Defendant CDG. In his capacity as owner of CDG, Filec was vested with the authority to implement and carry out the wage and hour practices of CDG. Filec also supervised projects in person and remotely

and personally tracked day-to-day activities of the named Plaintiffs. The named Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Filec and Filec in turn responded to those communications with the authority described above. Thus, at all times relevant hereto Filec was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Defendant **LUIS PUENTE** is the President of Defendant CDG. In his capacity as president of CDG, Puente was vested with the authority to implement and carry out the wage and hour practices of CDG. Puente also supervised projects in person and remotely and personally tracked day-to-day activities of the named Plaintiffs. The named Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Puente and Puente in turn responded to those communications with the authority described above. Thus, at all times relevant hereto, Puente was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

6. Plaintiff, **EDUARDO ESPARZA,** is a former construction and laborer employee of Defendants who performed a variety of construction services for CDG's customers at their business locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff received only his regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Each week, Plaintiff would receive one paycheck from Defendants for the first 40 hours worked that week via a paper, company check and a second, separate check for overtime-eligible hours over 40 paid only at the straight time rate

of pay. The second check would often have the phrase "reimbursement" in the memo section. The dual-check scheme used by Defendants deprived Plaintiff of an overtime premium of time and one-half his hourly rate of pay for overtime-eligible hours in excess of 40 in a work week.

7. Plaintiff, **JOSE ESPARZA,** is a former construction and laborer employee of Defendants who performed a variety of construction services for CDG's customers at their business locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff received only his regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Each week, Plaintiff would receive one paycheck from Defendants for the first 40 hours worked that week via a paper, company check and a second, separate check for overtime-eligible hours over 40 paid only at the straight time rate of pay. The second check would often have the phrase "reimbursement" in the memo section. The dual-check scheme used by Defendants deprived Plaintiff of an overtime premium of time and one-half his hourly rate of pay for overtime-eligible hours in excess of 40 in a work week.

8. Plaintiff, **MARCO ESPARZA,** is a former construction and laborer employee of Defendants who performed a variety of construction services for CDG's customers at their business locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff received only his regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Each week, Plaintiff would receive one paycheck from Defendants for the first 40 hours worked that week via a paper, company check and a

second, separate check for overtime-eligible hours over 40 paid only at the straight time rate of pay. The second check would often have the phrase "reimbursement" in the memo section. The dual-check scheme used by Defendants deprived Plaintiff of an overtime premium of time and one-half his hourly rate of pay for overtime-eligible hours in excess of 40 in a work week.

9. Plaintiff, **SERGIO PAZ,** is a former construction and laborer employee of Defendants who performed a variety of construction services for CDG's customers at their business locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff received only his regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Each week, Plaintiff would receive one paycheck from Defendants for the first 40 hours worked that week via a paper, company check and a second, separate check for overtime-eligible hours over 40 paid only at the straight time rate of pay. The second check would often have the phrase "reimbursement" in the memo section. The dual-check scheme used by Defendants deprived Plaintiff of an overtime premium of time and one-half his hourly rate of pay for overtime-eligible hours in excess of 40 in a work week.

10. Plaintiff, **MARIO ESPARZA,** is a former construction and laborer employee of Defendants who performed a variety of construction services for CDG's customers at their business locations. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay. Plaintiff received only his regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Each week, Plaintiff would receive one paycheck from

Defendants for the first 40 hours worked that week via a paper, company check and a second, separate check for overtime-eligible hours over 40 paid only at the straight time rate of pay. The second check would often have the phrase "reimbursement" in the memo section. The dual-check scheme used by Defendants deprived Plaintiff of an overtime premium of time and one-half his hourly rate of pay for overtime-eligible hours in excess of 40 in a work week.

11. Defendants compensated Plaintiffs, and members of the Plaintiff Class on an hourly basis but, through its dual-check scheme failed to pay one-and one-half times the employees' hourly straight time rates. Plaintiffs, and members of the Plaintiff Class, received only their regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week in violation of the local, state and federal laws relied upon herein.

12. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their regular, straight time hourly rate and did not receive an overtime premium at a rate of one-and one-half their hourly rate of pay for hours worked in excess of 40 in a workweek as a result of Defendants' dual-check scheme described herein.

13. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV.	**STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

14. Pursuant to the Fair Labor Standards Act, 29 U.S.C §201, *et seq.*, Count I of this action is brought by PlaintiffS for damages suffered by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

15. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

**Chicago Minimum Wage Ordinance**

16. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 *et seq.*, of the Municipal Code of Chicago, Count V of this action are brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

V.	**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

17. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants, said employment being integral and indispensable to Defendants' business.

18. Plaintiff Eduardo Esparza worked for Defendants from approximately May 2014 to January 20, 2020.

19. Plaintiff Jose Esparza worked for Defendants from approximately November 2018 to July 2019.

20. Plaintiff Marco Esparza worked for Defendants in multiple stints between approximately May 2017 and January 24, 2020.

21. Plaintiff Sergio Paz worked for Defendants from approximately November 2018 to October 2019.

22. Plaintiff Mario Esparza worked from Defendants from approximately July 2016 to December 2019.

23. Plaintiffs were all laborers and construction workers for Defendants and performed duties related to demolition, construction, flooring, electrical and plumbing work, installation and maintenance associated with remodeling projects.

24. Plaintiffs Eduardo, Jose and Mario Esparza and Sergio Paz were paid varying hourly rates between $25.00 and $30.00.

25. Marco Esparza was paid an hourly rate between $12.00 and $15.00.

26. Plaintiffs Eduardo Esparza, Mario Esparza and Sergio Paz almost always worked six (6) days per week for at least 12 hours per day. Oftentimes, Esparza, Esparza and Paz worked in excess of 12 hours in a day, as they were not permitted by Defendants to leave a work site until Defendants dismissed them. Esparza, Esparza and Paz occasionally worked Sundays. The start and end times of Plaintiffs' shifts varied, as he did not work the same exact schedule each week because project assignment varied frequently.

27. Plaintiffs Esparza and Paz worked at least approximately 55 hours per week, but frequently exceeded 55 hours each week.

28. Plaintiffs Jose and Marco Esparza typically worked approximately 45 hours per week but often exceeded 45 hours each week.

29. All Plaintiffs used a mobile application ("app") assigned by Defendants to clock in and out and record details about each project. The app was connected directly to Defendants' payroll system.

30. However, despite their use of the time-keeping app, Plaintiffs were not paid for all hours worked for the benefit of the employer. On a regular basis, Plaintiffs worked at job sites that required them to drive to out-of-state locations, as mentioned above. Oftentimes, Defendants either did not pay Plaintiffs at all for time spent driving to these locations or only paid a fraction of the time spent traveling. Plaintiffs' time spent commuting from Defendants' main facility to job sites was compensable and Defendants' failure to fully compensate Plaintiffs for this time was a violation of the Portal to Portal Act.

31. During their entire employment with Defendants, Plaintiffs were paid on a weekly basis with two paper, company checks. The first check Plaintiffs received from Defendants was for the first 40 hours worked each week paid at their regular, straight time hourly rates of pay. The second check labeled "reimbursement", was compensation for hours worked over 40 hours that week improperly calculated using Plaintiffs' straight time rates of pay rather than the required time and one-half rate. Plaintiffs were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week in violation of the federal, state and local laws referred to herein.

32. Defendants' use of this dual-check scheme deprived Plaintiffs of overtime pay required by law and evidences Defendants' willfulness to violate the FLSA and that the violations were in bad faith.

33.     Plaintiffs frequently complained about Defendants' dual check pay practice and lack of overtime pay to both Defendant Filec, Jr. and Puente. However, Filec, Jr. and Puente continually failed to address the violations.

34.     Plaintiffs on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their straight time hourly rates for such hours pursuant to the requirements of the federal, state and local statutes herein relied upon.

35.     The total number of hours worked by Plaintiffs, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs will be capable of providing reasonable estimates of that time, as permitted by law.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-35.     Paragraphs 1 through 35 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 35 of this Count I.

36.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiffs are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

37. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiffs as described above.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 37 of Count II.

38. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated. Moreover, Defendants' "two-check" scheme as alleged throughout provides direct evidence of an affirmative, knowledgeable, willful and designed plan to violate the local, state and federal laws alleged herein.

39. Pursuant to the Fair Labor Standards Act, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of Count III.

40. In denying Plaintiffs compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated. Moreover, Defendants' "two-

check" scheme as alleged throughout provides direct evidence of an affirmative, knowledgeable, willful and designed plan to violate the local, state and federal laws alleged herein.

41. Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-41. Paragraphs 1 through 41 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of this Count IV.

42. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

43. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

44. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

13

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-44. Paragraphs 1 through 44 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 44 of this Count V.

45. Plaintiffs were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

46. Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

47. Under § 1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they was entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

48. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 03/10/2020*

*s/John W. Billhorn*

_____

John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450